In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00289-CR**

_____

**TASIA EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 17-26641**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Tasia Edwards pleaded guilty to aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(3)(A). The trial court found the evidence sufficient to find Edwards guilty of aggravated robbery but deferred further proceedings and placed Edwards on community supervision for seven years.

1

Subsequently, prior to the expiration of the term of community supervision, the State filed motions to revoke Edwards' community supervision. Edwards pleaded "true" to violating certain terms of the community supervision order. After conducting an evidentiary hearing, the trial court found the evidence was sufficient to find that Edwards violated those terms of her community supervision. The trial court revoked Edwards' community supervision, found her guilty of aggravated robbery, and assessed punishment at twelve years of confinement.

Edwards' appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he then filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Edwards was notified of her right to file a pro se brief, and she did so on March 17, 2021. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or pro se response. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have reviewed the appellate record and considered Appellant's pro se response, and we agree with counsel's conclusion that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 24, 2022
Opinion Delivered May 18, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[1] Edwards may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.